J-E02006-16

2017 PA Super 27

| | |
|---|---|
| FRANCESCA V. GURECKA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT W. CARROLL AND HOLLY LACEY CARROLL | |
| Appellants | No. 1301 WDA 2014 |

Appeal from the Order Entered July 11, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 11-024656

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E., BOWES, J., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON, J., and OTT, J.

DISSENTING OPINION BY LAZARUS, J.:          **FILED FEBRUARY 3, 2017**

Because I do not believe that the Carrolls' property is subject to an "open, visible and permanent" easement, I respectfully dissent.

The Majority agrees with the trial court and concludes that the existence of the four manhole covers on the Carrolls' property should have alerted them to the presence of a network of sewer lines crossing under their property, thus satisfying the tripartite test for the creation of an implied easement set forth in **Daddona v. Thorpe**, 749 A.2d 475, 481 (Pa. Super. 2000).  I do not believe that the record supports this conclusion.

My review of the record indicates that Gurecka failed to establish that manholes are commonly used at connection points between private sewer pipes and municipal sewer lines.  Gurecka has attached no affidavits to this

effect to any of her pleadings, nor has she provided citation to Pennsylvania case law or that of any other jurisdiction in support of this critical issue. Accordingly, Gurecka has provided an insufficient basis on which the court could find "the subject sewer, and for that matter, the network of sewers in the area of the [Carrolls'] property to be open, visible and permanent." Trial Court Opinion, 7/11/14, at 8.

On the record provided, I do not believe that Gurecka has established a clear right to a permanent injunction based upon the existence of an easement by implication. *See Buffalo Tp. v. Jones*, 813 A.2d 659, 663 (Pa. 2002) ("In order to establish a claim for a permanent injunction, the party must establish his or her clear right to relief."). Therefore, I would reverse the order of the trial court.

Judge Bowes joins this Dissenting Opinion.